```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

ROBERT GIANATASIO,
                                              11 Civ. 3095
                    Plaintiff,
                                              OPINION

     -against-


MARIO D'AGOSTINO, PERSAL LLC d/b/a
MUSCLE MAKER GRILL and TIRREANIAN REALTY,

                    Defendants.

-----------------------------------------X
```

A P P E A R A N C E S:

        Attorneys for Plaintiff

        NEIL S. COMER, ATTORNEY AT LAW
        445 Hamilton Avenue
        White Plains, NY  10601
        By:  Neal S. Comer, Esq.


        Attorneys for Defendants

        PETER J. PIERGIOVANNI, ESQ.
        984 Morris Park Avenue
        Bronx, NY  10462
        By:  Peter J. Piergiovanni, Esq.

**Sweet, D.J.**

The defendants Mario D'Agostino, Persal, LLC d/b/a Muscle Maker Grill and Tirrenian Realty Corp. (the "Defendants") have moved pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(4), and 12(b)(7) to dismiss the Complaint filed by plaintiff Robert Gianatasio (the "Plaintiff"). Based upon the conclusions set forth below, Defendants' motion is denied.

**The Complaint**

On May 6, 2011, Plaintiff filed his complaint (the "Complaint") in the Southern District of New York, alleging that Robert Gianatasio and Mario D'Agostino formed Persal, a limited liability company with ownership split evenly between the two men, for purposes of opening a restaurant in the Bronx called Muscle Maker Grill. The alleged agreement between Gianatasio and D'Agostino divided responsibility for procuring kitchen equipment, paying licensing fees and providing the costs of construction. The Complaint alleges that, in furtherance of this agreement, Gianatasio and D'Agostino agreed to lease retail space owed by Tirrenian Realty Corp. located at 4041 Tremont Avenue in the Bronx. Plaintiff Gianatasio charges that, notwithstanding his having fulfilled his commitments under the

1

agreement, Defendant D'Agostino has been operating the restaurant to the exclusion of Plaintiff.  The Complaint includes four causes of action, including a request for an accounting, a request for declaratory relief, breach of contract and unjust enrichment.

Plaintiff filed his claim in federal court on the basis of diversity jurisdiction.  The Complaint states that Gianatasio resides in Connecticut, D'Agostino resides in New York, Persal is organized under the laws of New York with its principal place of business in New York and Tirrenian Realty Corp. is incorporated in New York with its principal place of business in New York.  The Complaint also alleges that the amount at issue in each of the pleaded causes of action is in excess of $100,000.

**Prior Proceedings**

On December 21, 2010, Plaintiff, along with Paterno & Gianatasio, LLC, Argo Construction Corporation, Paramount Plumbing Company, Inc., Paramount Plumbing Servicing & Alterations, Paramount Plumbing Company of New York, Inc., Four Wall Construction, Inc., and F1 American, Inc. filed suit against Defendants in the Supreme Court of the State of New

York, Bronx County.  This state court complaint is predicated on the same facts as the Complaint before this Court, alleging that Defendant D'Agostino induced the plaintiffs to invest time, effort and resources for the construction of Muscle Maker Grill, but that the defendants have not paid plaintiffs for any of the work performed or any share of the partnership profits.  At the time the December 2010 state court complaint was filed, Gianatasio was a resident of the Bronx and his co-plaintiffs, who were various contractors involved in the construction of Muscle Maker Grill, were also domiciled in New York.  In connection with the state court complaint, mechanic's liens were filed on behalf of Four Wall Construction, Agro Construction, F1 American, Paterno & Giantasio and Paramount Plumbing.  The state court complaint seeks only monetary damages.

In February 2011, Defendants filed a Notice of Motion in the Supreme Court of the State of New York, Bronx County, informing the court of its intention to move for an order of dismissal on March 16, 2011.  Along with the Notice of Motion, Defendants included an Attorney Affirmation outlining Defendants' arguments as to why the plaintiffs' complaint should be dismissed.  In between filing the state court complaint and the Complaint before this Court, Plaintiff changed counsel. Defendants, in their moving papers, state that, following the

change, the parties stipulated to adjourn the hearing on the state court motion to dismiss from March 16 to April 25. Defendants state that Plaintiff did not appear on April 25, prompting the state court to adjourn the motion until May 2, and Plaintiff again did not appear on the May 2 hearing date. On May 6, 2011, Plaintiff filed the Complaint in federal court, and, on May 23, the state court plaintiffs filed a Voluntary Discontinuance informing the New York Supreme Court, Bronx County that plaintiffs were voluntarily discontinuing the action, without prejudice, pursuant to CPLR Rule 3217.

**The Applicable Standard**

On a motion to dismiss pursuant to Rule 12, all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 235-36, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

4

Subject matter jurisdiction ordinarily must be established at the time an action is commenced. See Trans Union LLC v. Lindor, 393 Fed. App'x 786, 789 (2d Cir. 2010) (citing Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 574-75, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004)). A case may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). A facially sufficient complaint may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) if the asserted basis for jurisdiction is not sufficient. See TM Patents, L.P. v. Int'l Bus. Machs. Corp., 121 F. Supp. 2d 349, 367-68 (S.D.N.Y. 2000); Peterson v. Continental Airlines, Inc., 970 F. Supp. 246, 249 (S.D.N.Y. 1997). A plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. Makarova, 201 F.3d at 113; see also Thomson v. Gaskill, 315 U.S. 442, 446 (1942); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

Objections to sufficiency of process under Fed. R. Civ. P. 12(b)(4) must identify substantive deficiencies in the summons, complaint or accompanying documentation. Hilaturas Miel, S.L. v. Republic of Iraq, 573 F. Supp. 2d 781, 796

(S.D.N.Y. 2008) (citing Fagan v. Deutsche Bundesbank, 438 F. Supp. 2d 376, 386 (S.D.N.Y. 2006)). "[A] Rule 12(b)(4) motion is proper only to challenge noncompliance with the provision of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Charles A. Wright & Arthur M. Miller, 5B Federal Practice & Procedure § 1353 (3d ed. 2011).

On a Rule 12(b)(7) motion to dismiss for failure to join an indispensable party, a court's analysis proceeds in two steps. See Associated Dry Goods Corp. v. Towers Fin. Corp., 920 F.2d 1121, 1123 (2d Cir. 1990). First, the court must determine whether the absent party is a "party to be joined if feasible" (i.e. a "necessary party") under Fed. R. Civ. P. 19(a). Only if the court determines that the party is to be joined if feasible, but cannot be joined, must the court proceed to determine whether, under Rule 19(b), the absent party is "indispensable" and the action should "in equity and good conscience" be dismissed. In applying Rule 19, a court should generally be reluctant to dismiss a case for failure to join a party. Jaser v. N.Y. Prop. Ins. Underwriting Ass'n, 815 F.2d 240, 242 (2d Cir. 1987) ("very few cases should be terminated due to the absence of nondiverse parties unless there has been a reasoned

6

determination that their nonjoinder makes resolution of the action impossible.").

## Defendants' Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(4), and 12(b)(7) Is Denied

Defendants seek to dismiss the Complaint for lack of subject matter jurisdiction, insufficient process and failure to join necessary parties. Defendants argue that the voluntary discontinuance Plaintiff filed in state court was invalid under CPLR 3217(a)(1), which states a voluntary discontinuance can only be motioned by the Plaintiff either before a responsive pleading is received or within 20 days after the Plaintiff served the pleading to Defendants, whichever occurs sooner. Because Plaintiff filed his state court complaint in December 2010 and did not file the discontinuance until May 2011, Defendants argue that the original proceedings have not been discontinued and that the Supreme Court of the State of New York, Bronx County retained jurisdiction over all of the parties involved. Defendants note that the December 2010 state court complaint alleges that the Defendants and the Plaintiff, as well as the additional plaintiffs not named in the federal court complaint, are all citizens of New York, thereby defeating diversity jurisdiction. Defendants also assert that the

7

additional plaintiffs Gianatasio did not include in his federal court complaint are necessary and indispensable parties to the instant action in that those parties either maintain lien status as holders of mechanics' liens or were subcontractors on the alleged construction project underlying the Plaintiff's non-payment claims, and that joining these necessary parties would ultimately destroy diversity.

Plaintiff rejects Defendants' arguments, stating that although Robert Gianatasio was a resident of the Bronx when he filed his state court complaint in December 2010, Gianatasio moved to New Canaan, Connecticut on April 15, 2011. Since Gianatasio is the sole plaintiff in the federal court action against three New York defendants, Plaintiff argues that complete diversity exists. With respect to Defendants' argument that Plaintiff has failed to name all the necessary parties, Plaintiff asserts that, when he retained new counsel, counsel reviewed the pleadings with Gianatasio and it became apparent that the pleadings were incorrect in several respects and not supportable by available proof. Some of the defects in the state pleading were highlighted in Defendants' motion to dismiss filed in state court. Plaintiff states that his new counsel informed Defendants' counsel that the state action would be withdrawn and that Plaintiff would consent to vacate the

mechanics liens. Plaintiff's Voluntary Discontinuance, dated May 10, 2011, was filed on May 23, 2011, and while Defendants' aver that this discontinuance is procedurally invalid, Defendants have taken no steps to strike it.

As is described below, Plaintiff has carried his burden of proving by a preponderance of the evidence that jurisdiction exists. Additionally, because the Complaint does not fail to include any necessary parties, Defendants' motion to dismiss for insufficient process and failure to join necessary parties also fails.

## A. **Plaintiff Has Established A Basis For Diversity Jurisdiction**

In order for a federal court to have subject matter jurisdiction based on the diversity of the parties, there must be complete diversity. C.T. Carden v. Arkoma Associates, 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (citing Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806)). Specifically, the residency of all of the plaintiffs must be different from that of all the defendants. Airlines Reporting Corp. v. S & N Travel, Inc., 58 F.3d 857, 861 (2d Cir. 1995). When determining whether diversity jurisdiction exists, a court

9

must rely on the citizenship of the parties at the time the action was commenced. See Maryland Cas. Co. v. W.R. Grace & Co., 23 F.3d 617, 622 (2d Cir. 1993). In addition to demonstrating diversity in the parties' citizenship, "the party asserting diversity jurisdiction in a federal court has the burden of establishing the existence of the jurisdictional amount in controversy." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994). See also Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount."). A district court can exercise jurisdiction of a civil action when the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The action currently pending before the Court was filed on May 6, 2011. As described above, while Plaintiff bears the burden of proving by a preponderance of the evidence that jurisdiction exists, Makarova, 201 F.3d at 113, all factual allegations in the Complaint are accepted as true and all inferences are drawn in favor of the pleader. Mills, 12 F.3d at 1174. The Complaint before the Court states that Plaintiff Gianatasio resides in Connecticut, Compl. ¶ 2, and that each of

the Defendants resides in New York, Compl. ¶¶ 3-5. Furthermore, the Complaint alleges that the amount at issue in each of the pleaded causes of action is in excess of $100,000. Compl. ¶ 6. The Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy," and that "[i]n order to rebut this presumption, the defendant must show that the complaint was so patently deficient as to reflect to a legal certainty that the plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006) (citations omitted). Defendants have not attempted to make this showing concerning Plaintiff's alleged amount in controversy. As such, the Complaint establishes the prerequisites necessary for this Court to exercise jurisdiction on the basis of diversity. See V.D.B. Pacific B.V. v. Chassman, 753 F. Supp. 2d 202, 204 (S.D.N.Y. 2010) (holding that, on the face of the complaint, plaintiffs alleged facts sufficient to establish diversity jurisdiction when complaint alleged plaintiffs to be citizens of the Netherlands, defendant to be a citizen of New York and the amount in controversy to be over the threshold level).

11

Defendants' argument against the existence of diversity jurisdiction is that Plaintiff did not proceed correctly in voluntarily discontinuing his state court complaint. Defendants, however, provide no support for their contention that the invalidity of Plaintiff's Motion for Voluntary Discontinuance should render Plaintiff's complaint in federal court invalid. Regardless of whether Defendants are correct concerning the invalidity of the voluntary discontinuance, the existence of a state court proceeding concerning the same issues does not constitute justification, by itself, to dismiss the Complaint. See Bethlehem Contracting Co. v. Lehrer/McGovern, Inc., 800 F.2d 325, 327 (2d Cir. 1986) ("Where, as here, a federal court properly has subject matter jurisdiction, it has a virtually unflagging obligation to exercise that jurisdiction, even if an action concerning the same matter is pending in state court.") (internal citations and quotation marks omitted); see also Woodford v. Cmty. Action Agency of Greene County, Inc., 239 F.3d 517, 525 (2d Cir. 2001) ("There is no bar against parallel in personam actions proceeding in two or more courts. 'Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application

of the principles of res adjudicata.") (citing Kline v. Burke Constr. Co., 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226 (1922)). Furthermore, Defendants' underlying assumption that these lawsuits are the same and that the state court complaint is the "original complaint" is flawed. In the state court complaint, Plaintiff and six additional entities brought suit against the Defendants, seeking only money damages. The federal court complaint names only Gianatasio as Plaintiff and seeks different forms of relief.

Defendants argue that since the state court action is presently ongoing, the Plaintiff's citizenship for this federal action should be considered the same as that when the state court complaint was filed. Defendants, however, have provided no support for the proposition that a court should refer back to an earlier complaint in determining the domicile of the parties. It is well established that "[w]hen determining whether diversity jurisdiction exists, a court must rely on the citizenship of the parties at the time the action was commenced." Bonnie & Co Fashions, Inc. v. Bankers Trust Co., 18 F. Supp. 2d 297, 302 (S.D.N.Y. 1998); Maryland Cas. Co., 23 F.3d at 622 (citing Anderson v. Watt, 138 U.S. 694, 702-03, 11 S.Ct. 449, 34 L.Ed. 1078 (1891)). Defendants have made no allegation

that, when the Complaint was filed on May 6, 2011, Plaintiff Gianatasio was not a resident of Connecticut.

Because Plaintiff has met his burden of establishing, by a preponderance of the evidence, that diversity jurisdiction exists, Defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) is denied.

### B. Plaintiff Has Not Failed To Join Necessary Parties

In addition to arguing for dismiss under Rule 12(b)(1), Defendants also argue that dismissal of the Complaint is appropriate because Plaintiff failed to join necessary parties, see Fed. R. Civ. P. 12(b)(7), and that Plaintiff's service of process was insufficient as a result, see Fed. R. Civ. P. 12(b)(4). Fed. R. Civ. P. 12(b)(7) permits a party to move for dismissal if the complaint fails to join a party under Rule 19. Rule 19(a) sets forth the standards for determining when a party should be joined if feasible:

> A person . . . must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring

14

> double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

If a person who meets this standard cannot be joined, the court must determine, pursuant to Rule 19(b), "whether in equity and good conscience the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Under Rule 19(b), there are four factors to be considered: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. See Fed. R. Civ. P. 19(b); see also <u>Jonesfilm v. Lion Gate Int'l</u>, 299 F.3d 134, 139 (2d Cir. 2002).

In this case, because Gianatasio's co-plaintiffs in the state court action are not necessary parties under Fed. R. Civ. P. 19(a), Plaintiff had no obligation to join them. Here, Plaintiff has represented to the Court that, after changing

counsel, Plaintiff came to the conclusion that the various plaintiffs in the state action whom Defendants claim are necessary parties were incorrectly included. Plaintiff's counsel reviewed the file and concluded that these various entities do not have viable claims against the Defendants. Defendants argue that the additional plaintiffs are necessary parties on account of their holding liens against the Defendants' property. However, both parties have acknowledged that these liens are defective, and Plaintiff has represented in his opposition that he consents to vacating the mechanic's liens filed by his former counsel. The relief the Complaint requests pertains only to amounts owed to Gianatasio or relief that would only benefit Gianatasio. As such, the additional plaintiffs are not "necessary" parties under Rule 19(a). See Lee v. Marvel Enter., Inc., 765 F. Supp. 2d 440, 453 (S.D.N.Y. 2011) (holding that a company was not an indispensable party in a dispute between a writer and his former employer as complete relief could be accorded without non-parties being present).

Because Gianatasio's co-plaintiffs in the state court action are not necessary parties, Defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(7) is denied. Similarly, because Plaintiff did not fail to join necessary parties, the Complaint cannot be dismissed for insufficient

process, and Defendants motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(4) is also denied.

## Conclusion

Based on the conclusions set forth above, Defendants' motion to dismiss the Complaint for lack of subject matter jurisdiction, insufficient process and failure to join necessary parties is denied.

It is so ordered.

**New York, NY**
**November / , 2011**

_____
ROBERT W. SWEET
U.S.D.J.