UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

ROBERT GIANATASIO,

                         Plaintiff,

    -against-

MARIO D'AGOSTINO, PERSAL LLC d/b/a
MUSCLE MAKER GRILL and TIRREANIAN REALTY,

                         Defendants.

----------------------------------------X

11 Civ. 3095

OPINION

A P P E A R A N C E S:

        Attorneys for Plaintiff

        NEIL S. COMER, ATTORNEY AT LAW
        445 Hamilton Avenue
        White Plains, NY  10601
        By:  Neal S. Comer, Esq.

        Attorneys for Defendants

        PETER J. PIERGIOVANNI, ESQ.
        984 Morris Park Avenue
        Bronx, NY  10462
        By:  Peter J. Piergiovanni, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/22/12

**Sweet, D.J.**

The defendants Mario D'Agostino, Persal, LLC d/b/a
Muscle Maker Grill and Tirrenian Realty Corp. (the "Defendants")
have moved pursuant to Fed. R. Civ. P. 8(c)(1) to dismiss the
complaint (the "Complaint") filed by plaintiff Robert Gianatasio
(the "Plaintiff") under the affirmative defenses of res
judicata, collateral estoppel and the full faith and credit
doctrine.  Based upon the conclusions set forth below,
Defendants' motion is granted.

**Facts & Prior Proceedings**

The Court previously described the facts alleged in
the Complaint as well as the case's prior proceedings in its
opinion dated November 2, 2011 (the "November 2 Opinion").  See
Gianatasio v. D'Agostino, No. 11 Civ. 3095(RWS), 2011 WL
5244961, at *1-2 (S.D.N.Y. Nov. 2, 2011).  Familiarity with
those alleged facts and prior proceedings is presumed.  Because
Defendants' present motion to dismiss is brought under the
affirmative defenses of res judicata, collateral estoppel and
the full faith and credit doctrine based on a decision rendered
by the Supreme Court of the State of New York, Bronx County, a

1

brief summary of the relevant aspects of this case's procedural
history is warranted.

As noted in the November 2 Opinion, on December 21,
2010, Plaintiff, along with Paterno & Gianatasio, LLC, Argo
Construction Corporation, Paramount Plumbing Company, Inc.,
Paramount Plumbing Servicing & Alterations, Paramount Plumbing
Company of New York, Inc., Four Wall Construction, Inc., and F1
American, Inc. filed suit against Defendants in the Supreme
Court of the State of New York, Bronx County.  This state court
complaint is predicated on the same facts as the Complaint
before this Court, alleging that Defendant D'Agostino induced
the plaintiffs to invest time, effort and resources for the
construction of Muscle Maker Grill, but that the defendants have
not paid plaintiffs for any of the work performed or any share
of the partnership profits.  At the time the December 2010 state
court complaint was filed, Gianatasio was a resident of the
Bronx and his co-plaintiffs, who were various contractors
involved in the construction of Muscle Maker Grill, were also
domiciled in New York.

On February 11, 2011, Defendants appeared in the
Supreme Court of the State of New York, Bronx County, filed a
motion to dismiss the state court complaint and submitted an

2

application for a judgment of dismissal.  Although the motion
was calendared for March 16, 2011, the parties agreed to adjourn
the hearing until April 25 after Plaintiff retained new counsel.
According to Defendants, Plaintiff did not appear on April 25,
prompting the state court to adjourn the motion until May 2.  On
the May 2 hearing date, Plaintiff again failed to appear.  On
May 2, 2012, the Honorable Norma Ruiz of the Bronx County
Supreme Court submitted Defendants' motion to dismiss without
opposition.

       On May 6, 2011, Plaintiff filed the present action in
this Court.  Meanwhile, in state court, the plaintiffs filed a
Voluntary Discontinuance dated May 10 informing the state court
that plaintiffs were voluntarily discontinuing the action,
without prejudice, pursuant to CPLR Rule 3217.  In the federal
court action, Defendants, on May 27, 2011, moved this Court to
dismiss the Complaint for lack of subject matter jurisdiction,
insufficient process and failure to join an indispensable party.
Four days later, in the state court action, Justice Ruiz granted
Defendants' motion to dismiss because the state court plaintiffs
had defaulted.  See Gianatasio, et al. v. D'Agostino, et al.,
No. 310498-10, Order of Hon. Norma Ruiz dated May 31, 2011
("Motion to dismiss and to vacate various mechanic liens is
granted on default without any opposition submitted there to /

3

Movant directed to settle order on notice / This constitutes the
decision of the Court."). According to Defendants, Justice
Ruiz' order dated May 31 was not docketed until September 12,
2011, a delay Defendants attribute to budgetary constraints.
Because of this delay, Defendants were unable to incorporate
Justice Ruiz' order of dismissal in their motion to dismiss the
federal court action filed on May 27.

As noted above, Justice Ruiz' May 31 order directed
Defendants to "settle order on notice." On October 21, 2011,
Defendants filed a proposed Order with Notice of Settlement in
the Bronx County Clerk's Office and served Plaintiff's counsel.
The proposed order provided as follows:

> The Plaintiff having brought on this action by the Law
> Offices of Anthony Meola, Esq., for a monetary judgment
> upon a breach of contract claim and other related actions
> against the Defendants herein, and the Defendants having
> collectively appeared by and through the Law Offices of
> Peter J. Piergiovanni, Esq., and Plaintiff having filed a
> Motion to Dismiss, and for Cancellation of various
> mechanic's liens filed by the Plaintiffs, and the Motion to
> Dismiss having been returnable before this Honorable Court
> on March 16, 2011, and the Defendants' motion having been
> adjourned to April 25, 2011, and the Plaintiffs having
> willfully failed to appear on the return date of
> Defendants' Motion, and said Motion having been adjourned
> by the Court to May 2, 2011, for the filing of the
> Plaintiffs' opposition and Plaintiffs' appearance, and said
> Motion having been duly submitted for decision as Motion
> No. 10, on the May 2, 2011, calendar for the Honorable
> Norma Ruiz, and Defendants' Motion to Dismiss and to vacate
> various mechanic liens having been granted by this Court by

4

way of a Short Form Order dated May 31, 2011, upon default
without any opposition from the Plaintiff, it is hereby

ORDERED, that the Defendants' Motion to Dismiss is hereby
granted in all respects and that Plaintiffs' Verified
Complaint, dated December 21, 2010, is hereby dismissed
with prejudice, based upon the Plaintiffs' willful default
in failing to submit any opposition thereto and/or failing
to appear before this Court, and it hereby further

ORDERED, that pursuant to New York State Lien Law §10, et
seq., that each and all of the Plaintiffs' Twenty (20)
Mechanic's Liens filed against Defendant TIRRENIAN REALTY
CORP's parcel of real property located in the Borough and
County of Bronx and designated as Block 5445, Lot 4, and
more commonly known as 4051 East Tremont Avenue, Bronx, New
York are hereby vacated with prejudice, and it is hereby
further

ORDERED, that the Bronx County Clerk's office is hereby
directed to cancel each and all of the Twenty (20)
Mechanic's Liens filed by the Plaintiffs, on September 17,
2010 and October 6, 2010, from its records as related to
the Defendant, TIRRENIAN REALTY CORP., parcel of real
property located in the Borough and County of Bronx and
designated as Block 5445, Lot 4, and more commonly known as
4051 East Tremont Avenue, Bronx, New York.


On November 2, 2011, this Court denied Defendants'

motion to dismiss the federal court action.  On February 16,

2012, Justice Ruiz' signed Defendants' proposed order dismissing

the plaintiffs' state court complaint with prejudice.  On March

21, 2012 Defendants moved this Court to dismiss the Complaint on

grounds of res judicata, collateral estoppel and the full faith

and credit doctrine, based on Justice Ruiz' order dated February

16.  Defendants' motion was heard and marked fully submitted on

April 25, 2012.

**The Applicable Standard**

Fed. R. Civ. P. 8(c)(1) provides: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." Defendants here seek to invoke Rule 8(c) on grounds of res judicata, collateral estoppel and the full faith and credit doctrine.

Under the doctrine of res judicata, or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (citing Comm'r v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948); Cromwell v. County of Sac, 94 U.S. 351, 352-53, 24 L.Ed. 195 (1877)); Overview Books, LLC v. United States, 438 Fed. Appx. 31, 33 (2d Cir. 2011).

6

"Res judicata will bar subsequent litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Overview Books, 438 Fed. Appx. at 33 (internal quotation marks omitted). "[I]n considering whether claims asserted in a subsequent suit were, or could have been, raised in a prior proceeding, courts look to 'whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.'" Greenwich Life Settlements, Inc. v. Via Source Funding Grp., LLC, 742 F. Supp. 2d 446, 454 (S.D.N.Y. 2010) (quoting Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 289 (2d Cir. 2000)). Once a final judgment has been entered on the merits of the case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transactions out of which the first action arose. Channer v. Dep't of Homeland Security, 527 F.3d 275, 280 (2d Cir. 2008).

The doctrine of collateral estoppel "bars a party from relitigating in a subsequent proceeding an issue of fact or law that was clearly raised in a prior action where the party to be precluded . . . had a full and fair opportunity to litigate the

7

issue, and a decision on that issue was necessary to support a valid and final judgment on the merits." Envtl. Def. v. U.S. Envtl. Prot. Agency, 369 F.3d 193, 202 (2d Cir. 2004) (citations omitted). "Under federal law, collateral estoppel [, or issue preclusion,] applies when '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'" Prudy v. Zeldes, 337 F. 3d 253, 258 (2d Cir. 2003) (footnote omitted) (quoting Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 91 (2d Cir. 1997)).


        "The Full Faith and Credit Clause of the United States Constitution, Art. IV, § 1, and the federal full faith and credit statute, 28 U.S.C. § 1783, mandate that federal courts give preclusive effect to judgments on the merits from state courts. '[T]he preclusion law of the state in which the judgment was rendered . . .' governs the federal court's determination of the preclusive effect of the state court decision." Vigliano v. County of Westchester, No. 92 Civ. 3598(MJL), 1998 WL 912081, at *2 (S.D.N.Y. Dec. 30, 1998) (quoting Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)); see also

8

Matter of Anonymous v. Kaye, No. 94 Civ. 2882(JFK), 1995 WL
617795, at *5 (S.D.N.Y. Oct. 19, 1995).  In New York "once a
claim is brought to a final conclusion, all other claims arising
out of the same transaction or series of transactions are
barred, even if based upon different theories or if seeking a
different remedy."  O'Brien v. City of Syracuse, 445 N.Y.S.2d
687, 688, 54 N.Y.2d 353, 429 N.E.2d 1158 (1981).  However, "when
a complaint is dismissed for legal insufficiency or other defect
in [the] pleading, it does not act as a bar to commencement of a
new action for the same relief unless the dismissal was
expressly made on the merits or the new complaint fails to
correct the defects or omissions fatal to the prior one."
Deacon's Bench, Inc. v. Hoffman, 101 A.D.2d 971, 971, 477
N.Y.S.2d 447 (3d Dep't 1984); accord Pretzel Time, Inc. v.
Pretzel Int'l, Inc., No. 98 Civ. 1544, 1998 WL 474075, at *5
(S.D.N.Y. Aug. 10, 1998).


## Defendants' Motion To Dismiss The Complaint Is Granted


        As highlighted above, Justice Ruiz' order held that
"Plaintiffs' Verified Complaint, dated December 21, 2010, is
hereby dismissed with prejudice, based upon the Plaintiffs'
willful default in failing to submit any opposition thereto
and/or failing to appear before this Court[.]"  The sole point

9

of contention between the parties concerns whether this order
constitutes a judgment "on the merits." As noted above, the
grounds upon which Defendants seek to dismiss the Complaint all
require that the state court's order be deemed a judgment "on
the merits." While Defendant claims that Justice Ruiz' order
was "on the merits," thereby triggering the applicability of res
judicata, collateral estoppel and the full faith and credit
doctrine, Plaintiff states that the dismissal dealt only with
procedural issues and did not determine the factual or legal
issues as to the merits of the claims set forth in the state
court complaint.

**A. Justice Ruiz' Order Is Sufficient To Trigger Res Judicata**

In opposing Defendants' motion to dismiss, Plaintiff
raises only one argument, namely that "[t]he dismissal order in
the Bronx action dealt with procedural issues and did not
determine the factual or legal issues as to the merits of the
claims set forth therein." However, for purposes of
establishing whether Justice Ruiz' order constitutes a judgment
"on the merits," it must be noted that "[a] judgment on the
merits for purposes of res judicata is not necessarily a
judgment based upon a trial of contested facts; it may, for
example, be a default judgment, a judgment on stipulation or

10

agreement, or a summary judgment." <u>Dillard v. Henderson</u>, 43 F. Supp. 2d 367, 369 (S.D.N.Y. 1999); see also <u>U.S. Sec. & Futures Corp. v. Irvine</u>, No. 00 Civ. 2322(RMB)(THK), 2002 WL 34191506, at *4 (S.D.N.Y. May 13, 2002) ("A default judgment has the same preclusive effect for res judicata purposes as a judgment on the merits.") (citing <u>N. Am. Foreign Trading Corp. v. Chiao Tung Bank</u>, No. 95 Civ. 5189(LBS), 1997 WL 193197, at *5 (S.D.N.Y. Apr. 18, 1997); <u>Sterling Doubleday Enters. v. Marro</u>, 238 A.D.2d 502, 503, 656 N.Y.S.2d 676 (2d Dep't 1997)).

Justice Ruiz' order granted dismissal of the state court action "with prejudice."  "'A dismissal with prejudice constitutes a judgment on the merits just as fully and completely as if the order had been entered after trial[;] . . . a decree of settlement . . . will be given full res judicata effect in a subsequent suit between' the parties and on all the claims 'comprised in the settlement.'" <u>Modular Devices, Inc. v. Alcatel Alenia Space Systems/Loral, Inc.</u>, No. 08-CV-1441 (JS)(WDW), 2009 WL 749907, at *3 (E.D.N.Y. Mar. 16, 2009) (citing <u>Cahill v. Arthur Anderson & Co.</u>, 659 F. Supp. 1115, 1120 (S.D.N.Y. 1986), aff'd 822 F.2d 14 (2d Cir. 1987)).  While it is true that Justice Ruiz did not hear argument or review evidence, "[r]es judicata does not require the precluded claim to actually have been litigated; its concern, rather, is that the party

against whom the doctrine is asserted had a full and fair
opportunity to litigate the claim.  That is why it has long been
the law that default judgments can support res judicata as
surely as judgments on the merits." EDP Med. Computer Sys.,
Inc. v. United States, 480 F.3d 621, 626 (2d Cir. 2007)
(citations omitted); see also Morris v. Jones, 329 U.S. 545,
550-51, 67 S.Ct. 451, 91 L.Ed. 488 (1947) ("'A judgment of a
court having jurisdiction of the parties and of the subject
matter operates as res judicata, in the absence of fraud or
collusion, even if obtained upon a default.'") (quoting Riehle
v. Margolies, 279 U.S. 218, 225, 49 S.Ct. 310, 73 L.Ed. 669
(1929)).


        As noted above, res judicata requires that (1) a final
judgment on the merits, (2) by a court of competent
jurisdiction, (3) in a case involving the same parties or their
privies, and (4) involving the same cause of action," Overview
Books, 438 Fed. Appx. at 33, and the only element Plaintiff
disputes is whether a judgment has been rendered on the merits.
There is no dispute concerning the state court's jurisdiction
over the matter.  The state court action involved the same
litigants (along with several others) as those involved in the
present action.  With respect to the causes of action, the state
court action alleged (1) breach of contract against D'Agostino
                              12

and Persal, (2) breach of contract against all Defendants,
(3)fraud against D'Agostino and Persal, (4) conversion against
all Defendants, (5) breach of fiduciary obligation against
D'Agostino and Persal and (6) unjust enrichment.  Plaintiff's
federal complaint has four causes of action, including (1) a
request for an accounting, (2) a request for declaratory relief
entitling Plaintiff, after the accounting, to 50% of all profits
from Muscle Maker Grill, (3) breach of contract and (4) unjust
enrichment.  Although the causes of action in the federal
complaint are styled in a somewhat different form from those in
the state court complaint, all the federal causes of action stem
from the same breach of contract and unjust enrichment claims
asserted in the state court action.

Because Justice Ruiz' February 16 order is a final
decision on the merits, Plaintiff's federal complaint is
dismissed on grounds of res judicata.

## B. Justice Ruiz' Order Is Insufficient To Trigger Collateral Estoppel

Justice Ruiz' order is insufficient to dismiss the
Complaint on grounds of collateral estoppel, also known as issue
preclusion.  "[T]he general rule is well-established that

13

default judgments lack issue-preclusive effect." In re Adler,
Coleman Clearing Corp., 205 Fed. Appx. 856, 857 (2d Cir. 2006)
(citing Abrams v. Interco, Inc., 719 F.2d 23, 34 n.9 (2d Cir.
1983)). "[U]nder New York law, collateral estoppel forecloses
only those issues that have been 'actually litigated and
determined in a prior action,' and '[a]n issue is not actually
litigated if there has been a default.'" Yoon v. Fordham Univ.
Faculty & Administrative Retirement Plan, 263 F.3d 196, 202 n.7
(2d Cir. 2001) (citing Pigliavento v. Tyler Equip. Corp., 233
A.D.2d 810, 811, 650 N.Y.S.2d 414 (3d Dep't 1996)). Because the
issues raised in Defendants' motion to dismiss the state court
action were never actually litigated, collateral estoppel cannot
be employed to dismiss Plaintiff's Complaint.


   **C. Justice Ruiz' Order Is Entitled To Deference Under The Full
      Faith And Credit Act**


         With respect to Defendants' contentions regarding the
Full Faith and Credit Clause, judgments of any New York court
"shall have the same full faith and credit in every court within
the United States and its Territories and Possessions as they
have by law or usage in the courts of such State, Territory or
Possession from which they are taken." 28 U.S.C. § 1738; see
also Kremer v. Chemical Const. Corp., 456 U.S. 461, 481-82, 102

S.Ct. 1883, 72 L.Ed.2d 262 (1982) ("It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken.") (citation omitted). Under 28 U.S.C. § 1738, this Court is required "to give preclusive effect to state court judgments whenever the courts of that state would do so." Bray v. N.Y. Life Ins., 851 F.2d 60, 62 (2d Cir. 1988). As such, New York state law must be applied to determine what preclusive effect New York courts would assign to Justice Ruiz' default judgment issued on February 16, 2012.

New York courts have held that "a prior default judgment bars a subsequent suit on issues which were or could have been determined in the earlier action." Mitchell v. Ins. Co. of N. Am., 40 A.D.2d 873, 874, 338 N.Y.S.2d 92 (2d Dep't 1972) (citing Goebel v. Iffla, 111 N.Y. 170, 18 N.E. 649 (1888); Goldfarb v. Cranin, 35 Misc.2d 126, 229 N.Y.S.2d 43 (N.Y. Sup. Ct. 1962)). Res judicata applies "to an order or judgment taken by default which was not been vacated, as well as to issues which were or could have been raised in the prior [action]." Lazides v. P & G Enters., 58 A.D.3d 607, 609, 871 N.Y.S.2d 357 (2d Dep't 2009); see also Allstate Ins. Co. v. Williams, 29

A.D.3d 688, 690, 816 N.Y.S.2d 497 (2d Dep't 2006).

Additionally, New York law applies a "transactional analysis"

approach to res judicata such that any claim which received a

final judgment on the merits and "all other claims arising out

of the same transaction or series of transactions are barred,

even if based upon different theories or if seeking a different

remedy." Antonious v. Muhammad, 873 F. Supp. 817, 822 (S.D.N.Y.

1995). Although the state court complaint lists plaintiffs in

addition to Gianatasio and alleges different causes of action,

both the federal and state complaints are predicated on the

allegations that D'Agostino induced Plaintiff to invest time,

effort and resources to construct Muscle Maker Grill and that

Plaintiff did not receive any profits from the business

enterprise established as a part of such efforts.   These

similarities are sufficient to trigger res judicata under New

York law.   See O'Brien, 54 N.Y.2d at 357 ("[O]nce a claim is

brought to a final conclusion, all other claims arising out of

the same transaction or series of transactions are barred, even

if based on different theories or if seeking a different remedy.

Here, all of defendants' conduct . . . was also raised during [a

previous] suit as the basis for that litigation.   That

proceeding having been brought to a final conclusion, no other

claim may be predicated upon the same incidents.").   Because

Justice Ruiz' February 16 order is sufficient under New York law

16

to trigger res judicata to all claims arising out of the facts alleged in the state court complaint, Plaintiff is unable to bring the present action predicated on the same facts in federal court.

## Plaintiff's Complaint Is Dismissed With Prejudice

Although leave to amend should be granted freely, it is not warranted where the amendment of a complaint would be futile. See Acito v. IMCERA Grp., Inc., 47 F.3d 47, 55 (2d Cir. 1995) ("Although the decision of whether to allow plaintiffs to amend their complaint is left to the sound discretion of the district court, there must be good reason to deny the motion. One good reason to deny leave to amend is when such leave would be futile.") (citing S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund. Co., 608 F.2d 28, 42 (2d Cir. 1979). In granting Defendants' motion to dismiss on grounds of res judicata and application of the full faith and credit doctrine, the deficiencies in Plaintiff's Complaint are not ones that can be corrected via amendment. As such, dismissal with prejudice is warranted.

## Conclusion

17

Based on the conclusions set forth above, Defendants' motion to dismiss is granted, and the Complaint is dismissed with prejudice.


It is so ordered.


**New York, NY**
**May ___, 2012**

_____
                    ROBERT W. SWEET
                        U.S.D.J.

18